**33UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLEY JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-140** |
| **CAROLYN THOMAS, ET AL.** | **SECTION: "H"(1)** |

## REPORT AND RECOMMENDATION

This petition for issuance of a writ of habeas corpus[1] was referred to a United States Magistrate Judge for preliminary review and, if necessary, for conducting a hearing, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust State-Court Remedies.[3] Petitioner filed a response to the motion.[4] The Court has determined that a hearing is unnecessary. For the following reasons, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** and the petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## I.    Factual and Procedural History

Petitioner, Charley James, is a Louisiana state prisoner incarcerated at Rayburn Correctional Center. On May 18, 2015, James pled guilty pursuant to a plea agreement to first degree robbery in violation of La. Rev. Stat. § 14:64.1 and was sentenced to 20 years at hard labor with good time credit.[5]

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 8.
[3] Rec. Doc. 17.
[4] Rec. Doc. 20.
[5] Rec. Doc. 17-3 at 24, Sentence of the Court dated May 18, 2015; Rec. Doc. 20-1 at 1–2, minute entry dated May 18, 2015.

James's Master Prison Record reflected that he was under "GT.: ACT1099" and had a release date in 2030.[6] On February 17, 2025, James was advised in writing that his Master Prison Record was audited, it was determined that he was serving a sentence for his second crime of violence, and, as a result, under Act 150, he was not eligible for good time.[7] On February 18, 2025, ARDC Supervisor Thomas similarly advised James that, as he has two crime of violence offenses, diminution of sentence is not allowed.[8] Thus, his release date was adjusted to one in 2033.[9]

On March 10, 2025, James filed an Administrative Remedy Procedure ("ARP") request, designated RCC-2025-208, with the Rayburn Correctional Center Warden's Office.[10] By First Step Response dated April 25, 2025, Warden Day denied the request in pertinent part:

> Your allegations have been considered. All pertinent documentation surrounding your request have been reviewed. Per Department Regulation OP-D-1 Diminution of sentence shall not be allowed for an offender in the custody of the Department, if the instant offense is a second offense crime of violence as defined by K.R.S. 14:2(B), when the instant offense is committed on or after August 27, 1994. (Act 150 of the 1995 Third Extraordinary Session). A review of your record indicates that you had a prior conviction under La. R. S. 14:64 Armed Robbery on February 4, 1998. Due to this offense being listed as a crime of violence pursuant to La. R.S. 14:2(B) at the time that you were convicted of your instant offense of La. R.S. 14:64.1 First Degree Robbery, which is also a crime of violence, this would make your current offense a second crime of violence for the purpose of denying good time per Act 150 of 1995.[11]

James appealed to the Second Step.[12] By Second Step Response dated July 10, 2025, the Louisiana Department of Public Safety and Corrections denied relief, stating, in pertinent part:

---

[6] Rec Doc. 20-1 at 2, Master Record dated January 9, 2025. Louisiana Acts 1995, No. 1099, § 1, amended La. Rev. Stat. § 15:571.3 to provide that an offender convicted for a crime of violence for the first time could earn diminution of sentence at a rate of three days for every seventeen days served in actual custody. See Thomas v. Louisiana Dep't. of Pub. Safety & Corr., 354 So.3d 81, 82 (La. App. 1st Cir. 2022).

[7] Rec. Doc. 17-3 at 8, Memo dated February 17, 2025. Louisiana Acts 1994, No. 150, § 1, amended La. Rev. Stat. § 15:571.3 to provide that diminution of sentence (good time) was not allowed to inmates convicted a second time of a crime of violence as defined by La. Rev. Stat. § 14:2(B). See Johnson v. Dep't. of Pub. Safety, No. 14-0335, 2014 WL 5800470, at *1, n.1 (La. App. 1st Cir. Nov. 7, 2014).

[8] Id. at 9, Memo dated February 18, 2025; Rec. Doc. 20-1 at 4.

[9] Rec. Doc. 20 at 3, Master Record dated October 24, 2025.

[10] Rec. Doc. 17-3 at 2–3, ARP RCC-2025-208 dated March 10, 2025.

[11] Id. at 12, First Step Response dated April 25, 2025.

[12] Id. at 10–11, Second Step Grievance dated April 29, 2025.

You contend a violation of your 8th amendment right ex post facto law by placing you under Act 150 for a second crime of violence. A review of your record indicates that you do not have a valid complaint. You cite a violation of your 8th amendment right due to your conviction of Armed Robbery in 1986 [sic]. However, Act 150 does not apply to this sentence. It is applied to the instant offense under Docket #516146 for First Degree Robbery. Act 150 came into effect during the 1994 State Legislature and was in effect at the time your second crime of violence was committed. Therefore, you cannot claim your 8th amendment has been violated on this offense as the law was in effect at the commission of the offense, constituting fair notice. Your time calculation is considered correct and will not be amended in this instance.[13]

Thereafter, James filed a writ application with the Louisiana Supreme Court. On August 22, 2025, the Louisiana Supreme Court refused to consider the writ application, finding "Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La.S.Ct.R. X, § 5(b); see also R.S. 15:1171, et seq."[14]

On January 8, 2026, James filed a federal civil rights suit pursuant to 42 U.S.C. § 1983 in this Court, which was dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted on March 17, 2026.[15]

James then filed his habeas corpus petition pursuant to 28 U.S.C. § 2241.[16] Respondents filed a motion to dismiss, claiming that James has not exhausted his state court remedies with respect to the claims raised in his petition.[17] In response, James, in essence, claims that he should not be required to exhaust his state administrative and court remedies.[18]

---

[13] Id. at 1, Second Step Response dated July 10, 2025.
[14] James v. La. Dep't. of Pub. Safety & Corr., 420 So. 3d 12 (La. 2025); Rec. Doc. 17-4 at 1.
[15] James v. Thomas, No. 25-2374, 2026 WL 701187 (E.D. La. March 12, 2026).
[16] Rec. Doc. 3.
[17] Rec. Doc. 17.
[18] Rec. Doc. 20.

**II.    Discussion**

Initially, James filed his habeas petition pursuant to 28 U.S.C. § 2241. It is arguably unclear, however, whether the instant application is properly construed as one seeking relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, or both. While both § 2241 and § 2254 can serve as a basis for relief for state prisoners, the two sections are not interchangeable. Rather, each applies in a specific situation. Specifically, § 2254 applies when a prisoner is challenging the legality of either his underlying state conviction or sentence. Stewart v. Cain, 71 F.3d 879 (5th Cir. 1995) (petition is more properly construed as a § 2241 where petitioner attacked the manner in which his sentence was being executed). Section 2241 applies when a prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978).

Here, James primarily challenges the prison authorities' calculation of his release date. There is conflicting law, however, as to whether that claim more properly falls under § 2241 or § 2254. Compare Pack, 218 F.3d at 451 ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or **the prison authorities' determination of its duration ....**" (emphasis added)); Cornwell v. Cain, No. 12-2782, 2013 WL 5673565, at *2–6 (E.D. La. Oct. 16, 2013) (construing a habeas petition captioned under § 2254 that challenged prison officials' denial of good time credits as one brought pursuant to § 2241); Gibbs v. Cain, No. 12-3004, 2013 WL 3490909, at *2 (E.D. La. July 10, 2013) (finding basis for relief for challenge of denial of good time should not be under § 2254, but under § 2241); Elzey v. Travis, No. 07-5394, 2008 WL 782807, at *1–2 (E.D. La. March 19, 2008) (addressing claim for denial of good time based on a prior conviction under § 2241); with In re Kerns, 623 F. App'x 186, 187 (5th Cir. 2015) ("a state prisoner who wishes to challenge prison officials' calculation of his sentence must

4

do so in a § 2254 application."); Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("[s]tate prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254."); Strattman v. Tanner, No. 19-8677, 2019 WL 13246675, at *5–6 (E.D. La. Aug. 23, 2019) (finding that, where petitioner challenged the denial of good time credits, his habeas petition fell under § 2254). James also appears to claim breach of his plea agreement based on his understanding that eligibility for good time credit was a term of the agreement.[19] Claims asserting breach of a plea agreement are generally brought pursuant to § 2254. See generally Rutledge v. Thaler, 344 F. App'x 924, 925–26 (5th Cir. 2009); Henry v. Hooper, No. 20-3058, 2022 WL 1052146, at * 15–19, (E.D. La. Feb. 25, 2022), adopted, 2022 WL 1044996 (E.D. La. April 7, 2022); Green v. Goodwin, No. 13-2312, 2016 WL 4468115 (W.D. La. July 13, 2016), adopted, 2016 WL 4491443 (W.D. La. Aug. 23, 2016); Love v. Warden, Jackson Par. Corr. Ctr., No. 3:13-cv-0045, 2013 WL 1282427 (W.D. La. Feb. 19, 2013), adopted, 2013 WL 1282317 (W.D. La. March 28, 2013).

The Court need not resolve whether James's petition should be construed as one seeking relief pursuant to § 2241, § 2254, or both, however, in order to dispose of the instant application. For the following reasons, James is not currently entitled to relief under either § 2241 or § 2254.

Regardless of which statutory provision applies, it is clear that a petitioner must first exhaust his remedies in the state courts before seeking relief in federal court. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in habeas corpus actions brought pursuant to § 2254); Edge v. Stalder, 83 F. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in habeas corpus actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. La., 816 F.2d 220, 225 (5th Cir. 1987) (same).

---

[19] Rec. Doc. 3 at 5–8; Rec. Doc. 3-2 at 1, 4, 6–7; Rec Doc. 20 at 7–9.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). To exhaust his claims in the state courts, a petitioner must fairly present the same claims and legal theories he urges in this federal court to the state courts, all the way through the state's highest court, in a procedurally proper manner. Baldwin v. Reese, 124 U.S. 27, 29 (2004) (fair presentation means presentation to "each appropriate state court"); Mercadel, 179 F.3d at 275 (a petitioner fails to exhaust a claim when he raises it for the first time in the Louisiana Supreme Court after bypassing the state district and appellate courts).

To the extent that James attacks his plea agreement, Louisiana law requires that an appropriate post-conviction claim must be brought in an application for post-conviction relief filed in the state district court. La. Code Crim. P. arts. 925 and 930.3. The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and discretionary review in the Louisiana Supreme Court, La. S.Ct. Rule X § 5. Here, in 2025, James filed several motions for clarification and a motion to correct an illegal sentence in the Orleans Parish Criminal District Court.[20] Further, on May 1, 2026, he filed a motion to enforce plea agreement, claiming that the promise of good time credit was a term of his plea agreement.[21] It appears that those motions are still pending before the Orleans Parish Criminal District Court. James, therefore, has not exhausted available state court remedies related to the terms of his plea agreement.

In addition, the record does not reflect, and James has not alleged, that he exhausted administrative review of his good time claim under Louisiana's Corrections Administrative

---

[20] See https://clerkconnect.com/caseDetails/608123/638891/orleanscc entries dated May 29, June 5, August 8, and September 26, 2025.

[21] See id. entry dated May 1, 2026.

Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 *et seq.*, and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15. Under Louisiana's CARP procedures, an inmate must utilize the administrative procedure established by the DOC, or any facility in which he is housed, to resolve any claims related to his confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes." La. Rev. Stat. § 15:1171(B). Upon completion of the administrative process within the DOC, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. Rev. Stat. §§ 15:1177 and 15:571.15. Thereafter, the inmate can appeal the decision to the "appropriate court of appeal." See La. Rev. Stat. § 15:1177(A)(10) and 13:312(1). If the appeal is unsuccessful, Louisiana law allows the inmate to seek supervisory review in the Supreme Court of Louisiana. La. Code Civ. P. art. 2201; La. Code Crim. P. art. 922.

In this case, James presented his claims through administrative proceedings at RCC. He claims that, thereafter, in August 2025, he filed an action in the 19th Judicial District Court to resolve his claim.[22] James fully admits, however, that, "after no response was received by petitioner from the Nineteenth Judicial District Court after approximately 5 months (140) days had lapsed," he filed the instant petition.[23] Further, the records do not reflect that James sought any other review, in a procedurally proper manner, in the Louisiana First Circuit or the Louisiana Supreme Court as required by the CARP remedies. James, therefore, did not complete the administrative review required by state law and has failed to exhaust those remedies.

---

[22] Rec. Doc. 20 at 5.
[23] Id.

James suggests that the Court should excuse his failure to exhaust because the CARP provisions are permissive, not mandatory.[24] The exhaustion doctrine, however, is applied as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. Dickerson, 816 F.2d at 225. In a § 2241 action, the exhaustion requirement may be obviated only when "special circumstances" exist. Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1974). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Similarly, in § 2254 actions, exhaustion may be excused "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (citations omitted); Morris v. Dretke, 413 F.3d 484, 492 (5th Cir. 2005) ("exhaustion is not required if it would plainly be futile." (citation omitted)). In this case, no such circumstances exist. James admits that his claims are currently pending before both the 19th Judicial District Court and the Orleans Parish District Court. He has not demonstrated that pursuing those actions through each level of the state courts would be futile.

James has not given each level of the Louisiana courts a fair opportunity to consider the merits of his claims. For these reasons, James's petition should be dismissed without prejudice for failure to exhaust available state administrative and judicial remedies.

---

[24] Id. at 4–7.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust State-Court Remedies, Rec. Doc. 17, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Charley James's petition for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state administrative and judicial remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this 6th day of July, 2026.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.